UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                            Chapter 11

    AJM MANAGEMENT, LLC,                                      Case No.: 23-41664-___

                    Debtor.
-------------------------------------------------------x

## DECLARATION OF SERACH NEUSTADT
## PURSUANT TO E.D.N.Y. LBR 1007-4

Pursuant to 28 U.S.C. § 1746, I, Ray Jones, declare as follows under penalty of perjury:

1.    I am the managing director of AJM Management, LLC, the debtor and debtor in possession in this Chapter 11 case (the "Debtor"). In that capacity, I am familiar with the Debtor's day-to-day operations, business, and financial affairs.

2.    This declaration is made pursuant to E.D.N.Y. LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules to assist the Court and other parties in interest in understanding the circumstances that compelled the commencement of this Chapter 11 case and in support of the Debtor's petition for relief under Chapter 11 of Title 11 of the United States Code.

3.    Except as otherwise indicated, all facts set forth in this declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon experience, knowledge, and information concerning the Debtor's operations, financial affairs and past history. If called upon to testify, I would testify competently to the facts set forth in this declaration. I am authorized to submit this declaration on behalf of the Debtor. Section I of this declaration provides an overview of the Debtor's business. Section II describes the circumstances giving rise to the Debtor's commencement of this Chapter 11 case. Section III describes certain information required by LBR 1007-4 of the E.D.N.Y. Local Bankruptcy Rules.

## I.

### The Debtor's Business

4. The Debtor is a New York limited liability company with its corporate office located at 2623 Foster Ave, Brooklyn, New York 11210. The Debtor is a real estate investment company formed in or around January of 2004 and its business involves the purchase, ownership and management of a residential apartment building. The Debtor's principal asset consists of the real property commonly known as 405 Rockaway Parkway, Brooklyn, New York 11212, in the Borough of Brooklyn, Block: 4672, Lot: 37 (the "Property"). The Property is improved by a four-story walk-up building (including basement) consisting of 31 residential apartments.

## II.

### Events Leading to the Chapter 11 Case

5. The Debtor acquired title to the Property by deed dated February 2, 2005, and recorded on February 25, 2005, with the Office of the City Register of the City of New York under CRFN 2005000114571. The Debtor's principal at that time was Basil Randolph Jones ("Mr. Jones"). Mr. Jones passed away on December 3, 2016. Letters of Administration were issued on January 4, 2017, and Evan Jones was appointed as the fiduciary of Mr. Jones' estate.

6. On January 17, 2013, the Debtor executed an Amended, Consolidated and Restated Mortgage Note (the "Note") in favor of Ridgewood Savings Bank ("Ridgewood") in the original principal amount of $1,980,000.00. To secure repayment of the Note, the Debtor executed a Mortgage Consolidation, Modification and Security Agreement and Assignment of Rents dated January 17, 2013 (the "Mortgage" and the Note, collectively, the "Loan") encumbering the Property.

7. The Loan matured on its own terms and became due and payable in full on February 1, 2023.

8. Prior to the instant bankruptcy filing, the Debtor had issues collecting portions of its rents from certain tenants. The issue of rent collection was further exacerbated by the advent of the coronavirus pandemic where many tenants stopped paying their rent altogether.

9. In addition, the Governor's moratorium on residential evictions further prevented the Debtor from being able to commence or resume litigation to evict non-paying tenants. As such, the Debtor fell behind on its Mortgage obligations to Ridgewood.

10. Due to the Loan coming due, the Debtor and Ridgewood attempted to extend the Loan's maturity date. A Modification and Extension Agreement was proposed; however, the terms of that agreement were not acceptable to the Debtor and that agreement was not signed.

11. The Debtor now files this bankruptcy petition to liquate the Property in a manner permitted by the Bankruptcy Code so as to achieve the highest possible sale price and to maximize value to the estate.

### III.

### Information Required by E.D.N.Y. LBR 1007-4

12. In accordance with E.D.N.Y. LBR 1007-4(a)(i), and to the best of my knowledge, information, and belief, the Debtor is not a small business debtor within the meaning of Bankruptcy Code § 101(51D).

13. In accordance with E.D.N.Y. LBR 1007-4(a)(ii), and to the best of my knowledge, information, and belief, the Debtor is a single asset real estate debtor within the meaning of Bankruptcy Code § 101(51B).

14. In accordance with E.D.N.Y. LBR 1007-4, a list of the names and addresses of the creditors holding secured claims and the 20 largest unsecured claims against the Debtor have been filed with the Debtor's bankruptcy petition.[1]

15. A summary of the Debtor's Assets and Liabilities are included with the Debtor's petition. *See* Official Form 206Sum "Summary of Assets and Liabilities for Non-Individuals."

16. As of the drafting of this declaration, the Debtor anticipates that its operating income for the 30-day period following the bankruptcy petition will be approximately $22,000.00 with operating expenses to be approximately $16,000.00.

17. The Debtor does not make any admissions and reserves all of its rights and remedies.

18. The foregoing is true and current to the best of my knowledge, information and belief.

Dated: May 12, 2023                                                            */s/ Ray Jones*
       Brooklyn, New York                                              Ray Jones

---

[1] Official Form 204 filed with the Debtor's petition and schedules provides a list of the Debtor's creditors holding the 20 largest unsecured claims.