UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
In re:                                                                    Chapter 11

    AJM MANAGEMENT, LLC,                      Case No.: 23-41664-nhl

                          Debtor.
-------------------------------------------------------x

## "LAR-DAN" DECLARATION OF EVAN JONES, AS ADMINISTRATOR OF THE ESTATE OF BASIL RANDOLPH JONES IN CONNECTION WITH THE DEBTOR'S <u>RETENTION OF THE LAW OFFICES OF AVRUM J. ROSEN, PLLC</u>

Pursuant to 28 U.S.C. § 1746, I, Evan Jones, declare as follows under penalty of perjury:

1.    I am the administrator of the estate of Basil Randolph Jones (the "<u>Jones Estate</u>"). I submit this declaration in connection with the Debtor's[1] Application to retain the Firm as attorneys for the Debtor effective as of May 12, 2023. I am also the sole member of the Debtor.

2.    As disclosed in the Affidavit of Avrum J. Rosen, Esq., prior to the Petition Date, the Jones Estate remitted the Firm's initial retainer in this Chapter 11 case and the bankruptcy filing fee in the sums of $15,000.00 and $1,738.00, respectively.

3.    The Jones Estate is not a creditor of the Debtor. The Jones Estate does not owe money to the Firm. The Jones Estate does not owe any money to the Debtor.

4.    To the extent that the Debtor may owe funds to the Jones Estate (it does not), I understand that the Jones Estate is a creditor and may not receive a distribution in connection with the Debtor's Chapter 11 case. I, on behalf of the Jones Estate, hereby irrevocably waive any right to recover from the Debtor the initial pre-petition retainer of $15,000.00 and the bankruptcy filing fee of $1,738.00, both of which were advanced to the Firm on behalf of the Debtor.

5.    This declaration shall confirm that the Firm has expressly advised the Jones Estate and myself, and I acknowledge that, with regard to the matters which the Firm is to be engaged in

---

[1] Capitalized terms not otherwise defined herein shall have the same meanings ascribed to them in the Application.

this Chapter 11 proceeding, to the extent that the interests of the Debtor diverge from the Jones Estate's interests, the Firm shall represent the Debtor only and not the Jones Estate.

6. I further expressly acknowledge that the Firm owes a duty of undivided loyalty to the Debtor only. I have been advised by the Firm that if a conflict of interest should arise, that it will notify both the Court and I, and that in such circumstance, I, on behalf of both the Jones Estate, should consult with independent legal counsel in connection with this matter. The Firm has advised me that they will not represent the Jones Estate with respect to any potential claims that the Jones Estate may have against the Debtor or that the Debtor may have against the Jones Estate, and that I may wish to seek the advice of separate counsel with respect to same.

7. At this time, the Jones Estate does not expect to provide debtor-in-possession financing to the Debtor nor to bid on the Debtor's assets.

8. The Jones Estate, to the extent that it may have advanced funds to the Debtor in the past, waives any and all claims for those funds.

Dated: May 29, 2023                         */s/ Evan Jones*
      Brooklyn, New York              Evan Jones, as Administrator
                                                    of the Estate of Basil Randolph Jones